IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LLOYD T. SCHUENKE,

                     Plaintiff,                                    ORDER

       v.                                              12-cv-815-bbc

UNITED STATES OF AMERICA,
BARACK OBAMA,
UNITED STATES SENATE and
UNITED STATES HOUSE OF REPRESENTATIVES,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Lloyd Schuenke, a prisoner at the Oshkosh Correctional Institution in Oshkosh, Wisconsin, has filed a pleading he titles "Original Action Challenging the Constitutionality of Title 28 U.S.C. 2244 of the United States Code" in which he requests injunctive relief. In addition, plaintiff has filed a request for leave to proceed in forma pauperis. The request will be denied, because plaintiff does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

On at least three prior occasions, plaintiff was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. Schuenke v. Wisconsin Dept. of Corrections, 96-C-748 (W.D. Wis. Sept. 30, 1996); Schuenke v. County of Milwaukee, 97-C-46 (W.D. Wis. Jan. 30, 1997); and Schuenke v. Wisconsin Dept. of Corrections, 98-C-95 (W.D. Wis. Mar. 23, 1998)

Plaintiff does not allege in his complaint any facts from which an inference may be drawn that he is under imminent danger of serious physical injury. He requests injunctive relief declaring 28 U.S.C. § 2244 unconstitutional and ordering the reinstatement of all habeas corpus cases around the county "thwarted" by this rule.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), an inmate must show that the threat or prison condition must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the court considers the request for leave to proceed in forma pauperis. See id. (citing Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Plaintiff alleges no such harm in this case. Because plaintiff's allegations do not meet the requirements of the imminent danger exception to § 1915(g), he cannot proceed without paying the full filing fee.

Plaintiff may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than December 28, 2012. If he does this, the court will then be required to

screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If plaintiff does not pay the $350 filing fee by December 28, 2012, the court will assume that he does not want to pursue this action and the clerk of court will close this file. If this happens, plaintiff will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir. 1997).


ORDER

IT IS ORDERED that plaintiff Lloyd Schuenke's request for leave to proceed in forma pauperis is DENIED because plaintiff is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that plaintiff may have until December 28, 2012, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by December 28, 2012, plaintiff fails to pay the fee, the clerk of court is directed to close this file. In that event, the clerk of court is to insure that plaintiff's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 3d day of December, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge